Frank Scaduto
202.719.3479
fscaduto@wiley.law

# wiley

Wiley Rein LLP
2050 M St NW
Washington, DC 20036
Tel: +1 202.719.7000

**wiley.law**

December 15, 2025

**VIA ECF**

Honorable Jennifer E. Willis
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

> **Re:** ***Grant's Financial Publishing, Inc. v. ZeroHedge*, No. 25-cv-9865**
> **Plaintiff's Pre-motion Letter Request to Move for Expedited Discovery**

Dear Judge Willis:

We represent plaintiff Grant's Financial Publishing, Inc. ("Grant's") in the above-captioned copyright infringement action against defendants ABC Media, Ltd. d/b/a ZeroHedge.com ("ZeroHedge") and John Does 1-100. Pursuant to the procedures set forth in Your Honor's Individual Rules of Practice, S.D.N.Y. Local Rule 37.2, and Federal Rules of Civil Procedure 26, 33, 34, and 45, Grant's respectfully requests a pre-motion conference regarding targeted pre-Rule 26(f) discovery from ZeroHedge and, if necessary, nonparty Dropbox, Inc. ("Dropbox"), so that Grant's can properly name the John Doe defendants in this case. Such early discovery will promote efficiency and conserve judicial resources by enabling Grant's to prosecute its claims against all responsible parties on a unified case management schedule.[1]

## Background

Grant's is a widely respected independent publisher of journals related to the financial markets. Grant's publishes *Grant's Interest Rate Observer* ("GIRO"), a long-running premium subscription journal that provides valuable and original financial market insights to the journal's paid subscribers. ZeroHedge—owner of the financial news website www.zerohedge.com—unlawfully distributed ten full issues of GIRO with the copyright management information removed to ZeroHedge's paid subscriber base using a Dropbox folder. Certain subscribers of ZeroHedge—the John Doe defendants—then unlawfully downloaded the infringing GIRO issues from the Dropbox folder.

On November 26, 2025, Grant's filed this action asserting claims under the Copyright Act of the United States, as amended, 17 U.S.C. §§ 101, *et seq.* ("Copyright Act") and removal of copyright

---

[1] Counsel for Grant's and ZeroHedge met and conferred prior to the filing of this request but were unable to resolve the matter.

1

Honorable Jennifer E. Willis
December 15, 2025
Page 2

management information under the Digital Millenium Copyright Act ("DCMA"), 17 U.S.C. § 1202.

The John Doe defendants, for their part, are liable for Copyright Act violations as alleged in Count III of the Complaint. *See* Dkt. No. 1. However, Grant's has no way to identify the John Doe defendants absent cooperation from ZeroHedge or Dropbox. Grant's thus seeks narrowly tailored discovery to ascertain the names and addresses of the John Doe defendants so that its case against them may proceed.

### Legal Bases for Early Discovery

Grant's is entitled to expedited discovery. Courts routinely grant similar discovery to identify Doe copyright infringers pursuant to the "flexible standard of reasonableness and good cause" provided by Federal Rule of Civil Procedure 26(d)(1). *See, e.g., Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019). Five "principal factors" guide courts' application of that standard, which include: "(1) the plaintiff's ability to make out a prima facie showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the [d]efendant's expectation of privacy." *Strike 3 Holdings*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)). All five factors favor the expedited discovery sought by Grant's here.

Grant's sets forth a *prima facie* case for copyright infringement. When a plaintiff seeks expedited discovery to identify an unknown defendant, "the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place." *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203 (D.C. Cir. 2020). Even still, Grant's claims are demonstrably viable. To make out a *prima facie* claim for copyright infringement, "a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88 (2d Cir. 2016). Grant's has done so here. The Complaint describes the copyrighted works at issue and includes their U.S. Copyright Registration Numbers and date of publication. Compl. ¶¶ 12–19, 37. And Grant's plausibly alleges that ZeroHedge unlawfully copied and distributed those works to its paid subscribers, who in turn copied the works an indeterminate number of times. *Id.* ¶¶ 20–42, 65-73.

Grant's request is sufficiently narrow. Courts in this district routinely grant requests for expedited discovery of the name and addresses of unknown defendants. *Strike 3 Holdings, LLC v. Doe*, No. 1:25-CV-08115 (JLR), 2025 WL 2986142 (S.D.N.Y. Oct. 23, 2025) (collecting cases). Grant's request likewise seeks no more than "necessary to identify and serve the Defendant[s]." *Strike 3 Holdings*, LLC v. Doe, 329 F.R.D. 518, 521 (S.D.N.Y. 2019); *see also Malibu Media, LLC v. Doe No. 4*, 12-CV-2950 (JPO), 2012 WL 5987854 at *3 (S.D.N.Y. Nov. 30, 2012). That can take the form of simple interrogatories from ZeroHedge and, if necessary, a targeted document subpoena for information from Dropbox.

**wiley.law**

Honorable Jennifer E. Willis
December 15, 2025
Page 3

Grant's has no alternative means to obtain the information it seeks. At present, the John Doe defendants are only identifiable by their association with ZeroHedge and their interaction with the Dropbox platform. That means that ZeroHedge and Dropbox are the only entities capable of identifying who downloaded the Grant's content from ZeroHedge.com. Without Court assistance, Grant's has no way to uncover Defendants' names and addresses.

The information is necessary to advance Grant's claim. Grant's cannot prosecute its claims against the John Doe defendants if it does not learn their true identities. Indeed, in cases like this one, "the only potential avenue for discovery is a court order under Rule 26(d)(1)." *Strike 3 Holdings, LLC v. Doe*, No. 1:25-CV-08115 (JLR), 2025 WL 2986142, at *1 (S.D.N.Y. Oct. 23, 2025).

Defendants have no reasonable expectation of privacy. ZeroHedge has no cognizable privacy interest in the names and addresses of its subscribers. And, in any event, ZeroHedge collects and shares this information with third parties and advertisers in the course of its business. *See* ZeroHedge.com, Privacy Policy and Information, www.zerohedge.com/cookie-policy (last visited Dec. 15, 2025). Nor can the John Doe defendants themselves invoke any putative right to privacy "to mask copyright infringement or to facilitate such infringement by other persons." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (affirming denial of motion to quash subpoena seeking identity of unknown defendants). Their privacy interests are thus minimal, "truly speculative," *Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-12585-NLH-JS, 2020 WL 3567282 at *11 (D.N.J. June 30, 2020), and are—at best—outweighed by Grant's' right to prosecute its well-pleaded claims. The final factor weighs heavily in Grant's' favor.

### Meet-and-Confer

On December 5, 2025, undersigned counsel participated in a telephone conference with David Korzenik, counsel for ZeroHedge, regarding the instant request. Mr. Korzenik did not indicate that ZeroHedge consents to Grant's' request for expedited discovery.

\*   \*   \*

For the reasons set forth above, this Court should permit Grant's to file a motion seeking narrow, expedited discovery from ZeroHedge so that it can promptly serve the defendants in this action. Should ZeroHedge represent by sworn affidavit that it is unable to identify the names and addresses of its infringing subscribers, the Court should permit Grant's to serve an equally narrow third-party subpoena on DropBox.

The underlined request is
GRANTED.   Plaintiff may file the
requested motion.   **SO ORDERED.**

_Loretta A. Preska_
Loretta A. Preska, U.S.D.J.
February 2, 2026                    2/2/24

Respectfully Submitted,

*/s/ Frank Scaduto*

Frank Scaduto
Ari Meltzer (*pro hac vice*)
*Counsel for Grant's Financial
Publishing, Inc.*

**wiley.law**

Honorable Jennifer E. Willis
December 15, 2025
Page 4

cc:     David Korzenik, Esq., Counsel for ZeroHedge

**wiley.law**